**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEPHEN CHRISTOPHER PLUNKETT,**

   **Petitioner,**

v.                               Case No. 4:18cv037-MW/CAS

**WARDEN, FCI TALLAHASSEE,**

   **Respondent.**
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION**

On or about January 16, 2018, Petitioner Stephen Christopher Plunkett, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He subsequently filed an amended § 2241 petition. ECF No. 9. On May 25, 2018, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 12. Petitioner has filed a reply. ECF No. 16.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under section 2241 and this petition should be dismissed.

## Background

Petitioner Stephen Christopher Plunkett, while an inmate temporarily housed at the Federal Correctional Institution in Tallahassee, Florida, filed this § 2241 petition challenging the execution of his sentence.  ECF No. 1, 9.  Plunkett has since been returned to the Georgia Department of Corrections (GDOC).  *See* ECF No. 12-3; www.bop.gov/inmateloc (reflecting, as of July 20, 2018, Plunkett is "NOT IN BOP CUSTODY").  He is currently serving a Georgia state prison sentence at the Wheeler Correctional Facility in Alamo, Georgia.  *See* ECF Nos. 11, 12-1; www.dcor.state.ga.us/GDC/Offender/Query (reflecting, as of July 20, 2018, Plunkett is "CURRENTLY SERVING" prison sentence for state offenses including aggravated assault, with a "MAX POSSIBLE RELEASE DATE" of April 14, 2024).  According to documentation provided by Respondent, as well as information on the website for the Georgia Department of Corrections (DOC), Petitioner's incarceration in Georgia began on June 3, 2015.  ECF No. 12-1; www.dcor.state.ga.us/GDC/Offender/Query.

In June 2015, while in Georgia state custody, Plunkett was "borrowed" by federal authorities pursuant to a writ of habeas corpus ad

prosequendum for criminal proceedings in the Northern District of Texas. *See* ECF No. 12-3; United States v. Plunkett, No. 3:14cr239-L (N.D. Tex.), ECF Nos. 7, 11. On January 14, 2016, Plunkett pled guilty to two federal bank robbery charges in case number 3:14cr239-L. United States v. Plunkett, No. 3:14cr239-L (N.D. Tex.), ECF Nos. 5, 30. The federal court sentenced Plunkett on December 12, 2017, to 114 months in prison on both counts, followed by three years of supervised release, with the federal sentences to run concurrently with each other and consecutively to his state sentences imposed in case number 14-CR-0343-3, by the Superior Court of Forsyth County in Gainesville, Georgia; case number F-1400422, by the Dallas County Criminal Court 6 in Dallas, Texas; and case number 14SC127683, by the Superior Court of Fulton County in Cumming, Georgia. *Id.* ECF No. 86 (attached to Respondent's motion, as ECF No. 12-2, in this case). The federal court recommended that Plunkett be allowed to serve his federal sentences at FCI-Forrest City, in Arkansas. *Id.* The court remanded Plunkett to the custody of the U.S. Marshals. *Id.* The U.S. Marshals returned Plunkett to Georgia state authorities for him to continue serving his Georgia state sentences. ECF No. 12-1. While en route to Georgia from Texas, Plunkett was temporarily housed at FCI-

Tallahassee.  ECF No. 12-3.

As indicated above, while an inmate at FCI-Tallahassee, Plunkett initiated this § 2241 proceeding in this Court.  ECF Nos. 1, 9.  In his amended § 2241 petition, Plunkett indicates he challenges the execution of his sentence.  ECF No. 9 at 2.  He indicates the direct appeal in his federal case is pending.  *Id.*  In his attachment, which mirrors his initial filing in this Court, he explains he was in federal custody beginning April 15, 2014, and details the circumstances of his arrest on a federal warrant that day in Cumming, Georgia, by the Forsyth County Sheriff's Office.  *Id.* at 7; *see* ECF No. 1.  He asserts he "is not, and never has been, in the primary custody of the State of Georgia."  ECF No. 9 at 9.  Rather, "Petitioner has, from the very beginning of the deprivation of his liberty, been in federal custody" as "[a]n arrest pursuant to a federal warrant by any authorized officer is a federal arrest."  *Id.*  As relief, Plunkett requested "a temporary restraining order prohibiting the United States Marshal through the Bureau of Prisons from transferring Petitioner into state custody" until his § 2241 petition could be decided on the merits.  *Id.*  Plunkett further sought "a determination that Petitioner has been in federal custody from April 15, 2014 until present."  *Id.*

On April 9, 2018, Respondent filed a motion to dismiss the petition. ECF No. 12. Respondent asserts, as a preliminary matter, the petition should be dismissed because Plunkett filed it in the wrong court. *Id.* at 3. Respondent explains that Plunkett named as Respondents in this case Craig Coil, the Warden at FCI-Tallahassee, and the U.S. Marshal in the Northern District of Florida. *Id.* at 4. Respondent asserts Plunkett is not in the custody of either Respondent, and he is not even in federal custody. *Id.* Respondent explains that Plunkett has been in the primary custody of Georgia state authorities since his arrest on April 15, 2014, and Plunkett's federal sentence has not yet commenced. *Id.* at 4-5.

In addition, Respondent asserts the relief Plunkett seeks – a restraining order and a determination that he's been in federal custody since April 15, 2014 – is not available in this habeas action. *Id.* at 5. Respondent asserts Plunkett's request for a temporary restraining order is moot given his transfer to the GDOC. *Id.* at 6.

Plunkett has filed a reply. ECF No. 16. He asserts "[t]his is a habeas action filed by federal prisoner in the proper court," and neither dismissal nor transfer to another court is appropriate. *Id.* at 1. He indicates the U.S. Marshal, Northern District of Florida, may be dismissed

as a Respondent, however.  *Id.*  Plunkett explains that he was housed at FCI-Tallahassee for approximately two weeks in January 2018, which is undisputed, and this is the operative period of time, when he filed his § 2241 petition, as his subsequent transfer does not divest this Court of jurisdiction.  *Id.* at 5, 8-10.  Plunkett asserts this Court can hear his claims and requests for relief on the merits.  *Id.* at 11.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28. *See id.* at 212-14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement. *See* McCarthan, 851 F.3d at 1081; Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

Plunkett filed his § 2241 petition in this Court while in federal custody, incarcerated within the Northern District of Florida. *See* ECF No. 1. His subsequent prison transfer did not, in and of itself, deprive this Court of jurisdiction. *See* Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (explaining that Ex parte Endo, 323 U.S. 283 (1944), "stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); Hanna v. Pettiford, 2006 WL 2223996 (N.D. Fla. Aug. 1, 2006) ("Padilla does not appear to alter the longstanding rule that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. Were the rule otherwise, a petitioner's case could potentially be delayed in perpetuity by repeated transfers. Such a result surely was not intended." (citations omitted)); *see also, e.g.*, Olson v. English, No. 5:14cv15-WS/CJK, 2015 WL 151022, *2 (considering § 2241 petition and explaining: "As petitioner filed his petition in this district while incarcerated within its

territorial jurisdiction, the transfer itself does not deprive the court of jurisdiction.").

In his § 2241 petition, Plunkett indicates he challenges the execution of his sentence. ECF No. 9 at 2. In particular, Plunkett seeks a determination of when his federal sentence commenced. *Id.* at 9.

Plunkett argues that his April 2014 arrest in Georgia was pursuant to a federal warrant and, therefore, he has been serving his federal sentence since his arrest. It appears, however, from documentation provided by Respondent and available on the website for the Georgia DOC, the state officials in Georgia prosecuted Plunkett first and he then began serving his state sentence. ECF No. 12-4; www.dcor.state.ga.us/GDC/Offender/Query. As explained above, Plunkett was serving his Georgia prison sentence when U.S. Marshals took him into temporary custody in June 2015, pursuant to a writ of habeas corpus ad prosequendum, for purposes of the federal criminal proceedings in Texas. ECF No. 12-3. In those proceedings, the federal judge imposed a sentence to run consecutive to Plunkett's state sentences and remanded Plunkett to the custody of the U.S. Marshals to return him to Georgia so he could continue serving his Georgia state sentence. ECF Nos. 12-1, 12-2. "[W]hen the federal

government takes possession of a state prisoner pursuant to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence." Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 811 (11th Cir. 2011); *see* Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.").

Thus, as Respondent points out, Plunkett's federal sentence has not yet commenced. *See* ECF No. 12 at 5; *see also* 18 U.S.C. § 3585(a) ("**Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Plunkett is not in federal custody and he is not entitled to relief under § 2241. *See* 28 U.S.C. § 2241(c). *See also, e.g.*, Causey, 621 F.2d at

694 ("'A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'" (quoting Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950))).

Plunkett also seeks a temporary restraining order prohibiting the U.S. Marshal from transferring him to Georgia state custody. ECF No. 9 at 9. As Respondent indicates, however, even assuming such relief is appropriately sought in a § 2241 habeas petition, such request is moot as Plunkett has already been transferred.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 9) be **DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**